Good morning. May it please the court. My name is Everardo Rodriguez. I'm an assistant United States attorney in the Western District of New York in Rochester, New York. I was lead counsel in the investigation and the trials of this case at the district court level. Your Honors, the issue before the court today is whether the district court erred by setting aside the jury's unanimous and evidentially supported verdict finding Jeanine Klaus appears guilty of conspiracy to possess with intent to distribute and to distribute drugs as charged in count one of the indictment. We respectfully submit that the district court did err, that the jury's general verdict should be respected and given effect, notwithstanding the jury's subsequent special findings with respect to drug type and drug quantity, which special findings were included in the verdict sheet only for purposes of determining what the maximum and the minimum penalties would be statutorily. Did the jury instruction tell them that the interrogatories were for that limited purpose? No, Your Honor, the jury instructed that they be limited to that. We did not ask, we did not ask that the jury be instructed that the findings were limited to for purposes of sentencing. Normally the jury, as the court knows, doesn't address. No, no, no, you didn't say for sentencing, but you could have said the reason the interrogatory is that there is, we do want to know which quantity, which drug and which quantity. Well, the jury instructions, Your Honor, did specifically tell the jury that only if they find the defendant guilty of count one, can they consider the quantity of drugs in question is irrelevant to whether or not the defendant is guilty of the conspiracy charge. Whose idea was it to have these interrogatories? Well, Your Honor, ultimately it was my responsibility. I was lead trial. You submitted them? The government submitted the jury instructions and the proposed jury instructions and the special verdict, proposed a special verdict to the court and the court adopted it without objection from the defense counsel. And so whatever is in the charge or not in the charge, we can attribute to you because you submitted whatever instructions you thought were needed to deal with these interrogatories. I think that's fair, Your Honor. Okay. Now, when the jury came back with what are at least facially inconsistent answers, did you have any suggestion to the judge as to what to do about that? Well, Judge, initially I suggested to the judge that the jury be kept and be made to clarify what was an apparent inconsistency. Well, you did. Initially I did. Later on, after having an opportunity, I think I made that request immediately after the jury came back with its verdict. The next day during argument of the issue, after I had the chance to review the matter a bit more closely and consult with some other folks at the office, we determined that the special findings were in fact not inconsistent with the guilty verdict. Had the jury been discharged at that point? The jury was discharged... The day before? The day before when they came back. They were still in the box or they were in the jury room, right? When you made your argument to the judge? When I initially requested that the judge not let them go, they were still in the jury box. The judge overruled me and let them go. What was the judge's response? He just said no? The judge, as I recall correctly, if I recall correctly, the judge determined that trying to get the jury to go back in and clarify what the court or the parties would tell the jury was an inconsistency would be improper because it might delve too deeply into the deliberations of the jury. So they let them go. Well, was your request that the jury explain it or just reconsider? Judge, I confess I don't remember what my request was initially. In fact, I asked the court to hold up a bit so that the parties would have a chance to consider the issue. The court disagreed with me and let the jury go. When we came back the next day, the position of the government was and is today that the verdict of guilty is not inconsistent with the special findings and it is not inconsistent with the special findings because this court and other courts have consistently found that drug quantities are not an element of the offense for drug conspiracy and that even drug type are not an element of the offense for a drug conspiracy. So as a matter of law, this jury could very well have concluded that Jeannine Plaza Pierce was guilty of the conspiracy for which was charged in count one and at the same time have concluded that she did not specifically deal with individual sorts of drugs. An example of... Jeannine didn't specifically deal with... If they found her guilty of dealing with all... Cocaine, cocaine base, heroin, marijuana. You say they found her, the verdict shows, found her guilty of a conspiracy to do all four. To possess with intent to distribute and to distribute those four drugs, correct. Then the next one says, we the jury find the allegation that the defendant Pierce conspired to possess with intent to distribute one of those drugs, cocaine, and they say not proven. Correct. So tell me how that's consistent with the first one. Because Your Honor, someone can be a member of a conspiracy without necessarily having been involved or touched drugs. For example... Mr. Rodriguez, the indictment speaks of her intent to sell four specific drugs. I grant you that the verdict came back saying she had that intent, but then the interrogatories speak of her intent to possess or sell each one of those specific drugs. So your indictment ties the type of drug to what the special interrogatories found. Your Honor, the indictment in count one charges a conspiracy to possess with intent to distribute the four drugs. The elements of the conspiracy is one, that the conspiracy existed. The jury had to find beyond a reasonable doubt that there was a conspiracy to possess with intent to distribute these four drugs. And secondly, that this defendant was a member and knowingly became a member of this conspiracy and participated in it. There's no doubt what they had to find for the general one. The question is, what did they have to find to say no to the second one, which also says conspired to possess with intent to distribute? Your Honor, the jury might very well have determined that the role of Ms. Plaza-Pierce in this conspiracy did not necessarily directly involve the handling of drugs. I would cite the court... But that's not what the interrogatory asked, Mr. Rodriguez. The interrogatory does specifically say that she conspired with respect to the specific drugs. I would cite the court... Their answer was that wasn't proven. That was not proven. We go on to the next drug and that wasn't proven. We go on to the next drug and that wasn't proven. Were there any other drugs that were sort of floating out there that were part of the proof? No, Judge. That didn't show up here? No, no. There were no drugs. The four jurisprudence pretty clear that you, if you're going to be convicted of conspiring to distribute cocaine, you at least have to have, as a co-conspirator of the mental state, that you know you're dealing with cocaine. Judge, my time is up. May I answer your question? You certainly may because I asked you the question. Thank you, Judge. The jurisprudence indicates, this court's jurisprudence indicates, as most recently set forth in the person decision, it's a summary order. No one has limited jurisprudential or presidential value. But in that case, the defendant was charged with conspiring to possess with intent to distribute heroin and cocaine. The indictment specifically charged those two drugs. And the jury came back, found the defendant guilty of the conspiracy, and in the special findings, found that the defendant was not involved with cocaine-based or heroin. So in the special findings, they directly found that the defendant had not been involved with the drugs charged in the indictment. Judge, if I can follow up. But in that case, the language of the interrogatory is very different from the language in the interrogatories. The person talks about whether the defendant was responsible. And you can see how that's not facially inconsistent, unlike this case, when the interrogatories mirror the jury charge. Well, Judge, I agree with you that the interrogatories in person were not the same as the interrogatories here. But with respect, the interrogatories do not mirror the guilty verdict on count one. The interrogatories do not contain the word guilty or not guilty. The jury made one finding with respect to whether Ms. Plaza-Pierce was guilty or not guilty of count one. They found her to be guilty. That's what they found. That was the general verdict this court has, and other courts, have indicated that general verdicts are fine and that anything that follows it can be considered superfluous. In this... Superfluous? When have we said that? The Statler decision, and not Your Honor. The Statler decision... Anything that follows the general verdict is superfluous? Are you sure we said that? With respect to general... In the Statler decision, Your Honor, it was a Supreme Court decision. It's an oldie but a goodie. Back in 1895, the court held that a general verdict is sufficient to uphold the defendant's conviction, and that additional wording in the verdict sheet can be deemed to be superfluous. That's what it is, isn't it? Absolutely. But with respect to the guilt of the defendant, we would argue, Your Honor, that the special findings were superfluous. The special findings were not included for purposes of determining guilt or non-guilt. They were included for purposes and only for purposes of determining what the penalties would be, what the quantities and types were so that the district court could determine the sentence. I'm sorry, Judge? The jury didn't know that, did they? I don't think they knew that, Your Honor. Okay. So we've got to reckon with what they were told. Now, on the charge... But, Judge, forgive me for interrupting, but in that respect, I agree with you. I agree with you. We have to reckon with what the jury did and was told. The jury came back with a guilty verdict. That's the count one. We all understand that count one is there. I think we're struggling with what are their not proven answers to the interrogatory's mean. That's the question. Okay? But coming back to the guilty verdict, did the charge tell them for a finding of conspiracy to possess four substances, did the charge say you don't have to find that she conspired with respect to all four that anyone would do? Did the charge cover that issue at all? No, Your Honor, and I don't think legally it should have. The elements of a conspiracy are did the conspiracy charged in the indictment exist? Did it exist? It's a conspiracy to distribute four items. Correct. Now, supposing I'm a juror back there and I say, well, I'm sure she conspired to distribute three of them, but I don't think she, I don't see anything in this proof about cocaine. I see a lot of heroin, marijuana, and base, but I don't see cocaine. What should I do? Find guilty or not under the charge? They may have gone through that analysis, Your Honor, but What would they do? What would, what are they entitled to do under the charge? Well, under the charge, they would have had to determine did the conspiracy exist and that she become a member. Someone can I guess I'm not making I'm sorry, judge. I don't mean to miss your point. I apologize. The conspiracy charge is to distribute four substances. That's an attempt to distribute four controlled substances. Correct. If a juror thinks she distributed three of them, should they find her guilty or not guilty? Guilty. Did the charge make that clear that you don't have to find she intended all four? I don't know if it did, Your Honor, but It should have. It certainly should have. But, Your Honor, one can be a member of a drug conspiracy and play roles other than actually handling the drugs. No, I'm not, I didn't use the word handling at all. No, no, but Your words, from what I take it you drafted, distribute four items. That's what the jury was asked to say guilty or not guilty about. They were asked to determine whether a conspiracy existed and whether she became a member of it. If you keep saying conspiracy as if that's just a great word in the cloud that doesn't relate to anything, it's not just a conspiracy, it's a conspiracy to distribute four identified substances. Yes, except that different people, different members of a conspiracy can play different roles in a conspiracy. And had the jury been told that, you'd have a much better case. They were told that. The jury, the jury in the instructions. With respect to different substances? Yes. Or just different roles? No, no, different roles. The jury, the jury was instructed, consistent with the pattern jury instructions of this court, that I'm sorry, I don't want to interrupt you here. It says conspiracy to possess with intent to distribute. Now there may be different roles in a conspiracy to possess with intent to distribute. I grant you that. But if count one says conspiracy to possess with intent to distribute and then list four different types of drugs and all of the interrogatories ask if she had intent to possess with intent to distribute, then I don't see what difference the roles would make because all of the roles are covered under to possess with intent to distribute. And they have answered no to her intent with, to possess with intent to distribute for each of the four drugs. So even though, even if I would accept your theory that there are different roles to be had in a conspiracy, your count and your interrogatories have defined those roles under the phrase to possess with intent to distribute. So to me, it seems like the different roles there may have doesn't matter. Your Honor, I, may I continue? Your Honor, I appreciate the court's perspective and position. Um, what I would, what I would suggest is that in this court in person was confronted with a similar situation. The wording of the, the wording of the interrogatory was different. I agree. But in that case, there was a guilty verdict and then there were special findings. And in person, the court specifically said that when there's, that the court will try to interpret the, the special findings in a way to make them consistent. Um, assume, and I, and I quote, in such circumstances, we assume the jury acted in a consistent manner and followed the instructions of the district court. I'm quoting from person, the second circuit decision in person. Doing so the jury, and I'm still quoting, doing so the jury must have found that person was guilty of conspiracy to distribute and possess with intent to distribute narcotics because the jury is presumed to follow the instructions of the trial judge. And the nature of the verdict with the jury is clear. Now, the court then proceeded to point out that in the jury instructions, the district court told the jury that different members of a conspiracy can play different roles. Here, the jury was also properly, again, I'm quoting here. The jury was also properly instructed that person, assuming she participated in the conspiracy was equally culpable of conspiring, even though she participated in the conspiracy to a degree more limited than that of other co-conspirators. The jury may thus have concluded the person's actions while sufficient for conviction of the crime of the charge, crime of conspiracy did not rise to the undefined and ambiguous level of her being held responsible for the drugs in comparison to her co-conspirators. Right. Being held responsible. That's what that interrogatory asked. So that, that assistant didn't do quite what you did. Well, I was hoping it would judge, but, uh, the, well, I think you got to agree. No, the language is different. There's no question about it. I think the point of person is that you try to interpret the special findings and the verdict consistently. That's what we've been trying. Okay. I've been trying and I, and in this case, the jury might very well have concluded the jury might very well have concluded that Janine Plaza Pierce did other things besides work with the drugs. She could, for example, there was testimony about how she drove the members of the conspiracy to the Cattaraugus Indian reservation to participate in the murder of a disloyal worker. There were, there was testimony about how she allowed her sons to keep and store drugs, excuse me, to keep and store guns at her house that were, that were used in furtherance of the conspiracy. So there are other things that the men that members of the conspiracy can do that don't necessarily relate to the drugs that still allow them to be members of the conspiracy. If, if, if, as you say, all she did is play some other role, it would still have to be with respect to a, a narcotic substance, wouldn't it? It would have to be with respect to that conspiracy. The drive to, supposing she went to get them groceries, does that count? No. Well, I don't know if she was getting groceries to supply a drug house. Yes. It could have counted. Judge, what happens, for example, if a, if a drug worker is directed by a, by the leader of a drug conspiracy, I want you to take these drugs from here to there and get, and get the money. The drug worker has no clue what the drugs are. None. Does that mean that the worker is somehow not guilty of the charged conspiracy because the jury could not conclude which particular drug they were responsible for or which can, or which particular drug they conspired as to? That's why, and forgive me for sounding like a broken record, that's why the elements are so important here. The elements charge, did this conspiracy exist? Yes. The jury must have concluded yes. And the second element is, did this defendant become a member and participate in it? That membership and participation in it can have various roles as the district court correctly instructed the juror. It's a conspiracy to distribute. I agree. It's a conspiracy to contribute, to distribute. And we do reserve two minutes for rebuttal and have kindly answered our questions for well beyond the original time. So we're going to hear from Ms. Booth now, and you'll have another opportunity, Mr. Rodriguez. Thank you, Your Honor. I appreciate it. Thank you. Good morning. May it please the court. Cheryl Myers Booth. I represented Jeanine Plaza Pierce at the trial court level. And I would welcome Your Honor's questions if you have any. Otherwise, I had indicated I would submit on my brief. Did you oppose in any way the government's effort to try to get the jury straightened out at the end of the day? I did. I did. Before the jury was discharged, the judge, Judge Gracie, asked both Mr. Rodriguez and myself what we thought should happen. My recollection from the record is that initially we were talking just about the facial inconsistency on the verdict sheet. And then at some point, Mr. Rodriguez did ask Judge Gracie if the jury could go back and deliberate. And the problem that I expressed and I think Judge Gracie expressed was that what are we telling them to do? They filled everything out. It's not like they missed something. And even though it's facially inconsistent, what further instructions are we to give them? I wish I would have known of Judge Gorsuch's decision in the Shipley case. If there's a facial inconsistency, go back and reconsider. If you want to stay with these, fine. But if on reconsideration you want to change any of them, change. That's what judges do when they are confronted with inconsistent verdicts. Did you oppose that? I did, Judge. To be honest with you, I did. You're here having to defend this at least facial inconsistency. Yes. Now, is it the law that we're supposed to reconcile inconsistencies if at all possible? Yes. And isn't it possible to say what they said when they said not proven as to each of the four, they meant she didn't conspire to do just that one alone? I don't think they're reconcilable in that fashion. That's not how it reads. That's not how it reads. Unlike, for example, in Person or in Randolph where there were different questions asked from which Judge Glasser, for example, concluded that that might be a question directed at whether she personally intended to possess controlled substances, in this case the special interrogatory tracks the language of the  But they found that she conspired to possess four items. Correct. Having found that, they're then asked, did she conspire to distribute cocaine? Wouldn't a juror say, no, I've just told you she conspired to possess four things, so I'm going to say no to just cocaine. Oh, I see where you're coming from. I never read it like that, to be honest with you. Never read it like that. Isn't that a plausible way to read it? I don't know what a jury ... I don't know what the jury in this case ... Don't we have an obligation, if it is plausible, to try to reconcile it along those lines? I don't think it's plausible to read it like that. I think it's tortured reading, to be frank. But yes, we ... It's not tortured about it. It just says to distribute cocaine. And they say, no, that's not what she did. She did all four. Well, the statute lists all four. And the jury found that she didn't intend to distribute any. No, she didn't do just cocaine. She didn't do just heroin. She didn't do just crack. It doesn't say just cocaine, just heroin. Well, cocaine is the only word in interrogatory number one. Correct. That's the only word. Correct. And the finding to reconcile it with the overall one, which is four, that's a way of reconciling them, isn't it? I suppose, Judge, if they had been instructed in that regard. But my recollection is that they were not. That they were not instructed in that regard. Well, that's one reason that normally they would be asked to go back and reconsider, perhaps with some additional instruction. But you opposed that. I did. I did. But now the question is, do you get the benefit of that, of the facial irreconcilability staying there? Right. That's exactly the question. Okay. Unless the court has anything else. Thank you. Thank you. Is it Ms. Myers Booth or is it Ms. Booth? Myers Booth is fine. Oh, all right. I got married long after I started practicing. So I need a judge's ballot. I know how that works. Great. Thank you. Mr. Rodriguez. Thank you, Your Honor. Only a couple points quickly. I agree with the court that, or at least with respect to the line of questioning, that the special findings is reconcilable with the general guilty verdict. I would also note, and I think it is relevant, that this jury knew how to find not guilty. This is not a jury who found guilty all the way across. They acquitted Ms. Plaza-Pierce with respect to the other two counts. That shows, and the deliberation took several days if I remember correctly, that shows that this jury took their time, took their time. And in fact, the verdict, she specifically says that they are only to consider the special findings if they find the defendant guilty beyond a reasonable doubt. So we would argue, and the court I think correctly pointed out that this court's jurisprudence encourages, urges courts to try to reconcile a verdict and special findings, and this jury knew how to find not guilty if it felt that way. To simply disregard their verdict, I would respectfully submit, would not be appropriate or proper or lawful. Do you agree that at this stage we do not have the option of ordering a new trial? I agree with that, Judge. We're not requesting a new trial. And the last thing I want to know, are the summations in the record, in our record? I think they are, Judge. Yes. Thank you very much. Thank you both. We'll reserve decision in this case.